## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHAWNDRIKA LAWRENCE**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 20-1985**

**SOUTHEAST LOUISIANA LEGAL**                     **SECTION D (3)**
**SERVICES CORPORATION**

## ORDER

Before the Court is Defendant Southeast Louisiana Legal Services Corporation's Motion to Dismiss.[1]  Before the Court is also Plaintiff Shawndrika Lawrence's Motion for Reconsideration, Modification of the Court's Scheduling Order, and for Recusal of the Judge and Case Manager.[2]  Plaintiff's Motion is opposed.[3] Plaintiff also separately file a Motion seeking recusal of the District Judge.[4]  After careful consideration of the parties' memoranda, the applicable law, and the record, the Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motions in their entirety.

## I.   FACTUAL BACKGROUND

This case is Plaintiff Shandrika Lawrence's fifth lawsuit arising from the same facts involving a housing matter in St. Bernard Parish.  According to Plaintiff's Complaint, in April 2015 she entered into an attorney-client agreement with

---

[1] R. Doc. 18.
[2] R. Doc. 30.
[3] R. Doc. 33.
[4] R. Doc. 34.

Southeast Louisiana Legal Services Corporation ("SLLS"), under which SLLS agreed to provide legal assistance to Lawrence in connection with an "ongoing mold related housing dispute that occurred during [Plaintiff's] tenancy and occupancy . . . at . . . 2817 Packenham Dr. in Chalmette, Louisiana."[5]  On April 13, 2016, Hannah Adams of SLLS filed a state-court Petition on behalf of Lawrence in the 34th Judicial District Court for St. Bernard Parish against Center Properties, L.L.C., seeking damages in connection with Lawrence's tenancy at 2817 Packenham Drive.[6]  Plaintiff alleges that Adams made various false statements in the original Petition,[7] and that Adams and opposing counsel made false representations to the state court.[8]  On January 23, 2019, Lawrence terminated her attorney-client agreement with SLLS and proceeded with the litigation *pro se*.[9]  She soon after filed an Amended and Supplemental Petition, which purported to bring various federal claims.[10]

Plaintiff now brings suit against SLLS.  In her Complaint, Lawrence alleges that she has been diagnosed with an unnamed disability, and that SLLS violated the Americans with Disabilities Act and Rehabilitation Act of 1973 through various acts and omissions.[11]  Her contention seems to be that because she is disabled, and because SLLS receives federal funds, SLLS violated the ADA and Rehabilitation Act

---

[5] R. Doc. 2 at 2 ¶ 9.
[6] *Id.* at 9-10 ¶ 44.
[7] *Id.* at 10-11 ¶¶ 48, 50, 52.
[8] *Id.* at 14 ¶ 65.
[9] *Id.* at 18 ¶ 79.
[10] *Id.* at 18-19 ¶¶ 81-84.
[11] R. Doc. 2 at 20 ¶¶ 86-88.

by failing to adequately represent her.  Lawrence also brings legal malpractice and breach of fiduciary duty claims against SLLS.[12]

This is not Plaintiff's first federal litigation arising out of the same operative facts.  On March 7, 2019 Plaintiff attempted to remove her state-court litigation from the 34th Judicial District Court to the Eastern District of Louisiana.[13]  Because a Plaintiff may not remove his or her own state-court suit, this Court remanded the case to state court.[14]  Plaintiff then voluntarily dismissed her state-court claims.[15] On January 22, 2020, Plaintiff filed suit in this Court against Center Properties and various others associated with Plaintiff's brief residence at Packenham Drive.[16]  This Court found that Plaintiff's federal claims were time barred, declined supplemental jurisdiction over Plaintiff's state-law claims, and dismissed the case.[17]  Plaintiff also filed a previous suit against SLLS on December 30, 2019 arising out of the same facts in which she alleged claims nearly identical to the state-law claims she alleges here.[18] That case was dismissed as the Court found it lacked subject-matter jurisdiction over the claims.[19]  Lawrence has also filed suit against the St. Bernard Parish Clerk of Court for discrimination and defamation arising out of events surrounding her state-court lawsuit.[20] That suit remains pending before this Court.

---

[12] *Id.* at 21-25 ¶¶ 89-105.
[13] *See* Docket No. 19-2197, R. Doc. 1.
[14] Docket No. 19-2197, R. Doc. 11.
[15] Docket No. 20-247, R. Doc. 45 at 21 ¶ 96.
[16] *See* Docket No. 20-247, R. Doc. 1.
[17] Docket No. 20-247, R. Doc. 74.
[18] Docket No. 19-14787, R. Doc. 1.
[19] Docket No. 19-14787, R. Doc. 15.
[20] Docket No. 20-699, R. Doc. 1.

SLLS moves to dismiss Plaintiff's lawsuit.[21]  SLLS argues that the Court lacks jurisdiction, and that in any event, Plaintiff's claims are barred by preemption. Plaintiff has not opposed the Motion.  Plaintiff moved for an extension of time to respond to the Motion to Dismiss,[22] and the Court ordered that Plaintiff could respond anytime on or before January 7, 2021.[23]  Rather than file an Opposition, Plaintiff moved to Amend her Complaint.[24]  Because the Motion lacked a proposed pleading, the Court denied that Motion without Prejudice,[25] giving Plaintiff until January 18, 2021 to file a Motion for Leave to Amend her Complaint with a proposed pleading attached.  Again, rather than do so, Plaintiff filed a Motion to Reconsider, to Amend the Scheduling Order, and for Disqualification of the Presiding Judge.[26]  Plaintiff argues the Court was incorrect to deny her Motion, in part because she allegedly did not have access to the scheduling order.  Plaintiff further argues that the Presiding Judge and Case Manager should be recused due to bias arising out rulings on her earlier suit against Center Properties.  Defendant has filed an Opposition to the Motion for Reconsideration and Recusal, in which SLLS argues that Plaintiff has not offered legitimate reasons for recusal, reconsideration, or modification of the scheduling order.[27]  Plaintiff has also filed a separate Motion to Disqualification of the Presiding Judge.[28]  Plaintiff largely reiterates the arguments made in her former

---

[21] R. Doc. 18.
[22] R. Doc. 23.
[23] R. Doc. 26.
[24] R. Doc. 27.
[25] R. Doc. 28.
[26] R. Doc. 30.
[27] R. Doc. 33.
[28] R. Doc. 34.

Motion, and seeks to have at least part of the Motion referred to Chief Judge Brown for consideration.[29]

## II.   ANALYSIS

### A.   Recusal

The Court first addresses Plaintiff's Motions insomuch as they seek recusal of the Presiding Judge and Case Manager.  Plaintiff moves for recusal under 28 U.S.C. §§ 144 and 455.  The Court examines each statute in turn.

#### 1.   28 U.S.C. § 144

The first statute Lawrence relies on, 28 U.S.C. § 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[30]

Plaintiff's Motion does not satisfy the requirements of Section 144.  First, Lawrence has failed to file a "sufficient affidavit."[31]  "A legally sufficient affidavit

---

[29] Although no opposition has been filed to this Motion, the Court considers the Motion because Defendant responded to similar arguments in its Opposition to Plaintiff's earlier Motion. *See* R. Doc. 33.

[30] 28 U.S.C. § 144.

[31] *Id.*

must (1) state facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature."[32]   Plaintiff submits no affidavit. Although she suggests she did not do so because she is indigent, and "if granted time to retrieve the monies to pay for an affidavit"[33] she would do so, nothing in her motion suggests that an affidavit would be legally sufficient.   Specifically, none of the allegations that Plaintiff makes in her Motion would convince a reasonable person that a bias exists. And even if Plaintiff's allegations did demonstrate bias, they would not show bias arising from an extrajudicial source.   To the contrary, Plaintiff's complaints about the presiding judge arise solely from the management and decisions in the cases Plaintiff has filed before the Court.

Moreover, the statute requires that any affidavit "shall be accompanied by a certificate of counsel stating that it is made in good faith."[34]   Plaintiff attaches no certificate from counsel of record.   "[C]ourts have held that *pro se* litigant may not obtain disqualification of a presiding judge . . . under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring" such a certificate.[35] Plaintiff, as a *pro se* litigant, has not met this requirement of Section 144.

### 2.   28 U.S.C. § 455

Lawrence next moves for recusal under 28 U.S.C. § 455.   The Court first addresses Lawrence's request that this matter be referred to Chief Judge Brown for

---

[32] *Patterson v. Mobil Oil Corp.*, 355 F.3d 476, 483 (5th Cir. 2003).
[33] R. Doc. 34 at 15.
[34] 28 U.S.C. § 144.
[35] *Williams v. Magnolia Café*, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 31, 2019).

consideration.  Unlike Section 144, Section 455 does not require the Judge to transfer the Motion for consideration once the Court has found the recusal motion legally sufficient.[36]  Indeed, the Fifth Circuit has held that "no negative inference can be drawn from the fact that the judge to whom a motion to recuse is directed rules on motion."[37]  The Fifth Circuit has further held that referral "is not to be encouraged" and that "recusal motions should only be transferred in unusual circumstances"[38] as "[t]he challenged judge is most familiar with the alleged bias or conflict of interest" and because of concerns of "administrative inconvenience and delay."[39]  The Court finds no unusual circumstances here that would merit referral to a different Section of this Court.  It therefore finds that this Motion is properly before Section D.

The statute under which Lawrence moves, 28 U.S.C. § 455, provides that: "[a]ny . . . judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[40]  It further requires recusal of a judge "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[41]  When determining whether to disqualify himself or herself, a Court must consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."[42]

---

[36] *See In re United States*, 158 F.3d 26, 24 (1st Cir. 1998).

[37] *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 n.9 (5th Cir. 1980).

[38] *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).

[39] *Id.*

[40] 28 U.S.C. § 455(a).

[41] 28 U.S.C. § 455(b)(1).

[42] *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860-61 (1988)).

The Court does not find recusal under 28 U.S.C. § 455 mandated or appropriate. The Court finds that a "reasonable and objective person" would not "harbor doubts concerning the judge's impartiality" in this case.[43] Moreover, the gist of Plaintiff's Motion seeking recusal is that she believes the Judge erred in her rulings in a separate but related case, *Lawrence v. Center Properties*.[44] However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[45] In order to be the basis for such a motion, such rulings must "reveal such a high degree of favoritism or antagonism as to make fair judgement impossible."[46] No such showing has been alleged or found here.

### B.   Modification of the Scheduling Order and Reconsideration

Plaintiff also moves for reconsideration of the Court's order denying without prejudice her Motion for Leave to File an Amended Complaint.[47] Although not completely clear from her Motion, Plaintiff seems to relatedly seek a modification of the scheduling order insomuch as she seeks additional time in which to file an Amended Complaint.

---

[43] *Jordan*, 49 F.3d at 155.

[44] Docket No. 20-247. The Court does not address each of the myriad of allegations that Plaintiff makes regarding abuse of discretion in the *Lawrence v. Center Properties* matter here. Without going into a detailed analysis for each claim, the Court finds each allegation meritless. By way of example, Lawrence argues that the Court abused its discretion by "withholding Plaintiff's Amended Complaint" in that matter. *See* R. Doc. 34 at 6. But as the Court explained to Lawrence, the Amended Complaint was not "withheld" but marked deficient by the Clerk's Office. Moreover, Lawrence can show no prejudice, as upon refiling and acceptance by the Clerk's office the Court considered the Amended Complaint and the Motions to Dismiss the Amended Complaint, rather than Lawrence's original Complaint. *See* Docket No. 20-247, R. Doc. 74. Plaintiff's other allegations of error are equally baseless.

[45] *Likeky v. United States*, 510 U.S. 540, 555 (1994).

[46] *Id.*

[47] R. Doc. 28.

Plaintiff's Motion is Denied. The Court notes that it did not wholesale deny Plaintiff an opportunity to amend her Complaint. Rather, it only denied the Motion without prejudice because Plaintiff did not attach a proposed Amended Complaint.[48] The Court therefore could not consider whether the amendment would be futile, whether it was asserted in bad faith, or whether it would cause undue prejudice. Plaintiff's Motion for Leave to File an Amended Complaint offered no suggestion of how the Complaint would be amended, nor did it discuss any way the Amended Complaint would address the pleading deficiencies alleged in Defendants' Motion to Dismiss. Specifically considering Plaintiff's pro se status, the Court provided Plaintiff an opportunity to refile a Motion for Leave with an Amended Complaint attached on or before January 18, 2021, almost two weeks later, the same date by which Amended Pleadings were required to be filed by the Scheduling Order.[49] Although Plaintiff has filed the instant Motion for Reconsideration the day after the court-imposed deadline, and subsequently filed a sixteen-page Motion for Disqualification, at no point has Plaintiff moved for leave to file an Amended Complaint with the pleading attached, as the Court allowed. The Court therefore finds no basis to set aside or modify its original order, nor does it find cause to modify the scheduling order.

---

[48] The Court further notes that Plaintiff's Motion failed to comply with Local Rule 7.6, which requires a party to indicate whether the Motion for Leave is opposed or unopposed.

[49] *See* R. Doc. 22 at 1. Plaintiff states in her Motion that "the Court Case Manager did not set a date or deadline to file any amendments or pleading and or Motion etc during the conference call; and the court failed to issue Plaintiff a copy of the Court's scheduling order." R. Doc. 30 at 2. But not every single deadline is set during a Scheduling Conference, and by January 5, 2021—well before the January 18, 2021 deadline for filing amended pleadings—Plaintiff clearly had access to the Scheduling Order, as she references in her Motion for Leave. *See* R. Doc. 27. Plaintiff therefore cannot claim ignorance of the scheduling order, nor can she claim any prejudice.

Plaintiff further argues that the Court necessarily erred in denying her Motion for Leave to File an Amended Complaint because Federal Rule of Civil Procedure 15 mandates that the Court allow such an Amendment.  Plaintiff misinterprets the Rule. Because Defendants had already filed and served a Motion to Dismiss more than twenty-one days before Plaintiff's Motion for Leave to File an Amended Complaint, leave of Court was required to file any Amended Complaint.[50]  Although "[t]he court should freely give leave when justice so requires,"[51] leave to amend is "by no means automatic."[52]  Rather, a Court must consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."[53]  These are factors the Court could not properly consider without a proposed Amended Complaint attached to Plaintiff's Motion for Leave.  Again, the Court denied without prejudice Plaintiff's Motion and allowed her almost two additional weeks to refile the motion and include a proposed Amended Complaint, which she failed to do.[54]

### D.  Motion to Dismiss

#### 1.  *Legal Standard*

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[55]  A claim is plausible if it is pleaded with factual content that allows

---

[50] *Compare* Fed. R. Civ. P. 15(a)(1)(B) *with id.* 15(a)(2).
[51] Fed. R. Civ. P. 15(a)(2).
[52] *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).
[53] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[54] R. Doc. 28.
[55] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

the court to reasonably infer that the defendant is liable for the misconduct alleged.[56] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[57]  In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[58]  However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[59]  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[60]

Courts construe briefs submitted by *pro se* litigants liberally, and therefore "apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel."[61]  The Court has done so in this matter.  That said, a court will not "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing."[62]

2.   *Analysis*

The primary question presented to the Court by Defendant's Motion to Dismiss is whether the Court has subject-matter jurisdiction.  Plaintiff does not assert diversity jurisdiction, nor could she given that both she and Defendant SLLS are Louisiana citizens.[63]  Rather, Plaintiff seems to invoke federal question jurisdiction.

---

[56] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[57] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).
[58] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[59] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[60] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[61] *Grant v. Cuellar*, 50 F.3d 523, 524 (5th Cir. 1995) (per curiam).
[62] *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009).
[63] *See* R. Doc. 2 at 1 ¶¶ 2-3.

She states that "[t]his Court has proper venue and jurisdiction over this lawsuit because the action concerns, acts and omissions that occurred and arises under and out of federal law, under federal funded Assisted Programs."[64]

Plaintiff's second and third causes of action, for legal malpractice and breach of fiduciary duty, respectively, arise under state law.[65]   Although Plaintiff cites to a federal statute establishing the Legal Services Corporation,[66] a non-profit in Washington, D.C., this citation is not the basis for a federal claim.   Moreover, "mere reference to federal law does not give rise to subject matter jurisdiction if the claim has no plausible foundation."[67]

Plaintiff's first cause of action alleges violations under the Americans with Disabilities Act and the Rehabilitation Act of 1973.   Both claims fail.   Although unclear what exactly Plaintiff's theory of ADA claim is, she cannot allege employment discrimination as she was never employed by SLLS.   Nor does she adequately allege that she was discriminated against on the basis of disability in place of public accommodation, nor that she was refused service due to disability.   Moreover, any such claim is time-barred, as Plaintiff commenced suit well over a year after terminating SLLS's services.[68]   Accordingly, Plaintiff fails to state an ADA claim.

---

[64] *Id.* at 1 ¶ 1.

[65] *See Hamilton v. Burns*, 202 So.3d 1177 (La. App. 4 Cir. 2016) (Legal Malpractice); *Brockman v. Salt Lake Farm Partnership*, 768 So.2d 836 (La. App. 2 Cir. 2000) (Fiduciary Duty).

[66] *See* 42 U.S.C. § 2996(f) (describing the requisites for grants and contracts from Legal Services Corporation).

[67] *Johnson v. CenterPoint Energy*, No. 06-2314, 2007 WL 1551054, at *2 (W.D. La. Mar. 19, 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981).

[68] *See Bailey v. Bd. of Comm's of La. Stadium and Exposition Dist.*, 441 F. Supp.3d 321, 339 (E.D. La. 2020) (finding that the one-year statute of limitations for delictual actions under Louisiana law applies to ADA claims).

Plaintiff similarly fails to state a claim under the Rehabilitation Act of 1984. To state a Rehabilitation Act claim, a Plaintiff must allege that "(1) the plaintiff is an individual with a disability under the Rehabilitation Act; (2) the plaintiff is otherwise qualified for participation in the program; (3) the plaintiff is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely by reason of his or her disability and (4) the relevant program or activity is receiving federal financial assistance."[69]  Plaintiff fails to state or establish at least two of these elements.  First, she does not specify her disability, so the Court cannot ascertain if it is a disability under the Rehabilitation Act.[70]  Second, the Complaint makes clear that SLLS did not deny her legal assistance; to the contrary, SLLS represented Lawrence for years before *Lawrence*, not SLLS, chose to terminate the attorney-client relationship.[71]  Even if the roles had been reversed, nothing in the Complaint demonstrates that Lawrence was denied legal representation *solely* because of her disability, as is required to establish a claim under the Rehabilitation Act.   Further, as with Plaintiff's ADA claim, any Rehabilitation Act claim is time-barred.[72]  Plaintiff therefore fails to state any Rehabilitation Act claim.

---

[69] *Spann ex rel. Hopkins v. Word of Faith Christian Center Church*, 589 F. Supp. 2d 759, 764-65 (S.D. Miss 2008) (quoting *M.M. School Bd. of Lee County, Fla.*, No. 05-07, 2008 WL 4181212, at *5 (M.D. Fla. Sept. 3, 2008).

[70] *See* 29 U.S.C. § 705(20) (providing a definition for an "individual with a disability").

[71] *See* R. Doc. 2 at 18 ¶ 79.

[72] *See Webster v. Board of Supervisors of Univ. of La. System*, No. 13-6613, 2015 WL 4197589, at *4-5 (July 10, 2015) (finding that the one-year statute of limitations for delictual actions under Louisiana law applies to Rehabilitation Act claims).

The Court further notes that the Motion to Dismiss was never opposed. Plaintiff's response was initially due on December 21, 2020.  Plaintiff moved for an extension of time to respond to the Motion to Dismiss,[73] which motion was opposed by Defendant. In granting Plaintiff's Motion for an extension of time to respond to the Motion to Dismiss, the Court noted "this extension is granted specifically considering Plaintiff's pro se status and is designed to give Plaintiff sufficient time to respond."[74]  The Court ordered that Plaintiff could respond anytime on or before January 7, 2021.[75]  Rather than respond, Plaintiff moved to Amend her Complaint, and the Court denied that Motion without Prejudice, giving Plaintiff until January 18, 2021 to file a Motion for Leave to Amend her Complaint with a proposed pleading attached and again noting the leeway given to Plaintiff in light of her *pro se* status.[76] Rather than do so, Plaintiff filed a Motion to Reconsider.  As the Court has already discussed, that Motion is denied.  Despite being given ample time and opportunity to do so, Plaintiff has failed to either oppose the Motion to Dismiss or properly move to amend her complaint.

In summary, the Court finds that Plaintiff fails to state any federal claim and dismisses any such claim with prejudice.  Having dismissed Plaintiff's federal claims, the Court declines supplemental jurisdiction over Plaintiff's pendant state law claims.[77]  Those claims are dismissed without prejudice.

---

[73] R. Doc. 23.
[74] R. Doc. 26.
[75] *Id*.
[76] R. Doc. 28.
[77] 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

### III.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal, Reconsideration of the Court's Order Denying her Motion to Amend, and for Modification of the Scheduling Order is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, February 4, 2021.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**